George C. LEMON, and George C. Lemon and Blake Himmelwright, Co–Trustees, Individually and as representatives of all gas royalty owners and overriding gas royalty owners to whom defendants have made or should make payment of certain royalties and interest thereon, Plaintiffs,

v.

ANADARKO PRODUCTION COMPANY, a/k/a Centena Corporation; and Panhandle Eastern Pipeline Corporation, Defendants.

Civ. A. No. 90–1189–T.

United States District Court, D. Kansas.

Aug. 15, 1991.

**336**

W. Luke Chapin, Hampton, Hampton, Christensen, Johnston & Eisenhauer, Medicine Lodge, Kan., for plaintiffs.

Robert J. Roth, Hershberger, Patterson, Jones & Roth, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on plaintiffs' motion to remand. This action was originally filed in the District Court of Barber County, Kansas. Defendants removed this action on the basis of diversity jurisdiction. Diversity of citizenship exists between the named plaintiffs and defendants. Plaintiffs' claimed damages were less than $10,000. In response to the motion to remand, the defendants make two arguments. The defendants first argue that the jurisdictional amount of $50,000 may be satisfied by the aggregation of the claims of the plaintiff class. Defendants next argue that plaintiffs' complaint states a claim within the court's federal question jurisdiction.

Plaintiffs' complaint (*see* Doc. 4) alleges that the action is brought on behalf of a class of all royalty owners and overriding royalty owners to whom defendant Anadarko has made payments or should have made payments of royalties. Plaintiffs allege that the class consists of over 1,000 persons and that it would be impracticable to join all as plaintiffs. Plaintiffs allege that the defendants were allowed to charge higher prices for gas sold on account of various provisions of the federal Natural Gas Policy Act and various orders of the Federal Energy Regulatory Commission. Plaintiffs assert that defendants paid them and the other class members at the old prices and that defendants retained the additional monies. Plaintiffs allege that the total amount due is estimated to be over $1 million. Plaintiffs prayed for an accounting and various other equitable remedies, seeking the monies withheld and interest thereon.

Plaintiffs claimed that this action was suitable for certification as a class action based upon the following: common questions of law and fact were presented; the claim of the named plaintiffs were typical; plaintiffs would fairly and adequately protect the interests of the class; multiple lawsuits would bring about the risk of inconsistent results; the members of the class have only small amounts at stake; and a class action is the only suitable means of redress.

The court finds that diversity jurisdiction is not present, since the $50,000 amount in controversy requirement cannot be met. "Separate and distinct claims may not be aggregated to satisfy the jurisdictional requirement." *Gallagher v. Continental Insurance Co.*, 502 F.2d 827, 831 (10th Cir.1974). "Each plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, ..." *Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973). The claims of the plaintiffs are separate and distinct. A reading of the complaint (*see* Doc. 4) reveals that plaintiffs have pleaded the claim as a Rule 23(b)(3) class action. As pleaded, plaintiffs' complaint alleges several of the requirements of a Rule 23(b)(3) class action, e.g., common questions of law and fact, typicality, adequacy of representation, and superiority of the class action remedy. There is no showing that the members of the putative class each satisfy the jurisdictional amount. Rather, the complaint alleges that the members of the class have only small amounts at stake.

Likewise, the court finds that federal question jurisdiction is not present. The presence or absence of federal question jurisdiction is governed by the well pleaded complaint rule. Federal jurisdiction exists only when a federal question appears on

the face of the plaintiff's well pleaded complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *ANR Pipeline Co. v. Oklahoma Corporation Commission,* 860 F.2d 1571, 1576 (10th Cir.1988), *cert. denied,* 490 U.S. 1051, 109 S.Ct. 1967, 104 L.Ed.2d 435 (1989). The plaintiff may avoid federal question jurisdiction by relying exclusively on state law. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429.

■ Plaintiffs seek relief under various equitable principles under Kansas law, including unjust enrichment. *See* Doc. 4 (state court pleadings), Plaintiffs' Petition, ¶ 10. Plaintiffs' claims do not arise under the Natural Gas Policy Act, nor do they depend on an interpretation of any of the various orders of the Federal Energy Regulatory Commission (FERC). As pleaded by plaintiffs, the FERC orders merely authorized the defendants to charge an increased price for their natural gas. It is what the defendants did or failed to do with the incremental revenues that forms the basis of plaintiffs' claim for relief. Plaintiffs' complaint does not reveal the existence of a federal question.

The court has examined *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375 (10th Cir.1978), *cert. denied,* 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1058 (1979), cited by defendants, and finds it to be distinguishable for at least three reasons: (1) the action arose under federal price regulations which are no longer in effect; (2) the precise question before the court was whether the Tenth Circuit or the Temporary Emergency Court of Appeals had appellate jurisdiction; and (3) a federal statute in effect at that time authorized the removal of cases in which an Economic Stabilization Act claim was raised by way of defense.

The court concludes that it lacks subject matter jurisdiction. 28 U.S.C. § 1447 provides in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Pursuant to section 1447, the court must remand this case to the District Court of Barber County, from which it was removed.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion to remand to the District Court of Barber County, Kansas (Doc. 5) is hereby granted.